Filed 3/3/26  P. v. Saucedo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL ANGEL SAUCEDO,<br><br>　　Defendant and Appellant. | 2d Crim. No. B338747<br>(Super. Ct. No. 23CR06498)<br>(Santa Barbara County) |

Michael Angel Saucedo appeals a judgment following his convictions for second degree robbery (Pen. Code,[1] § 211; counts 1 and 3) and admissions that he used a dangerous or deadly weapon in committing the offenses (§ 12022, subd. (b)(1)) and suffered a strike prior conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  Pursuant to a negotiated disposition, the trial court sentenced Saucedo to nine years and four months in state prison.

---

[1] Statutory references are to the Penal Code.

Saucedo contends the trial court erred in imposing a $2,700 restitution fine (§ 1202.4, subd. (b)) and identical parole revocation fine (§ 1202.45, subd. (a)) without considering his ability to pay. Because Saucedo requested the court impose the minimum fine and the court did not consider his ability to pay and imposed fines exceeding the statutory minimum, we reverse and remand solely for reconsideration of imposition of the fines.

FACTUAL AND PROCEDURAL HISTORY

Saucedo was charged with two counts of second degree robbery (§ 211; counts 1 and 3) and four counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 2, 4, 5 & 6). He filed a motion to reduce bail. The motion stated he "has been unemployed and has no financial resources. He is a client of the public defender and has been in custody on this case since September." At the bail hearing, Saucedo filed a confidential financial affidavit.[2] The court denied the motion to reduce bail.

Pursuant to a plea agreement, Saucedo later pleaded guilty to both robbery counts and admitted deadly weapon and strike prior enhancements in exchange for a nine year and four month state prison sentence and dismissal of the remaining counts and enhancements. The parties agreed that any statutory fees and assessments were "to be determined."

The court did not direct probation to prepare a presentence report (§ 1203.10, subd. (a)). At sentencing, the court reviewed "the report prepared by probation in regards to firearms" (§ 29810, subd. (c)(1)), which did not include information about Saucedo's financial condition. Saucedo's counsel asked the trial court "to reduce fines and fees to the statutory minimum." The

_____

[2] The financial affidavit is not included in the record on appeal.

2

court said it was "not going to exercise its discretion as to the restitution fines in this case." The court imposed a $2,700 restitution fine (§ 1202.4, subd. (b)) and stayed a $2,700 parole revocation fine (§ 1202.45, subd. (a)).[3] The court did not indicate that it considered Saucedo's prior bail motion or the financial affidavit.

Saucedo's counsel objected to the $2,700 fines, stating, "[M]y client had no financial resources prior to this arrest. He had been out of custody for a very brief period of time, had no financial resources then, and now he's going to be incarcerated. He continues to have no financial resources." Counsel asked the court "to reconsider imposing that fine. It's extremely high, something that a public defender client who doesn't have a history of employment and has no assets cannot afford."

The prosecutor requested the court impose the $2,700 "fines and fees" because there was no defense testimony or "any evidence" about Saucedo's "financial resources." Although the prosecutor had been present in the courtroom during the bail hearing when the financial affidavit was submitted, he told the sentencing judge there was no "evidence admitted indicating . . . what his financial resources are," and "there's never been any evidence presented in the case or in front of this Court as to what the defendant can or cannot afford."

The court said defense counsel's "comments are noted for the record." It did not conduct an ability to pay hearing, and imposed the dual $2,700 restitution and parole revocation fines

---

[3] The court apparently calculated the fines by multiplying the minimum fine of $300 times nine years of imprisonment. (See § 1202.4, subd. (b)(2).)

and stipulated state prison sentence. The court also ordered victim restitution of $542.65. (§ 1202.4, subd. (f).)

## DISCUSSION

Saucedo contends the trial court erred in imposing a restitution fine and a parole revocation fine exceeding the statutory minimum without considering his ability to pay. We agree.

Section 1202.4, subdivision (b) requires trial courts to impose a restitution fine when a defendant is convicted of a felony "unless it finds compelling and extraordinary reasons for not doing so." (§ 1202.4, subd. (b).) For felony convictions, the required fine is not less than $300 and not more than $10,000. (§ 1202.4, subd. (b)(1).) "A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine" of $300. (§ 1202.4, subd. (c).) And for those defendants whose sentence includes a period of parole, the trial court must impose a "parole revocation restitution fine in the same amount." (§ 1202.45, subd. (a).) The latter fine shall be suspended unless the person's parole is revoked. (§ 1202.45, subd. (c).)

Here, the trial court imposed restitution and parole revocation fines of $2,700, exceeding the $300 minimum. The court imposed the fines without conducting an ability to pay hearing and over Saucedo's objection that he could not afford to pay.

In *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*), the California Supreme Court recently considered whether a trial court could impose restitution and parole revocation fines without

4

considering a defendant's ability to pay. There, codefendant Hernandez "asked the court to impose a minimum restitution fine and stay any additional payment orders 'due to [Hernandez's] inability to pay.' " (*Id*. at p. 10.) The trial court denied the request and imposed the maximum restitution fine without conducting an ability to pay hearing. (*Id*. at pp. 10, 13.) Our high court reversed, holding that a trial court must conduct an ability to pay hearing before imposing a restitution fine that exceeds the statutory minimum of $300. (*Id*. at pp. 17, 30.) The court held, "[T]he trial court did not consider defendant's inability to pay as a *statutory* factor in imposing a restitution fine *above* the minimum amount. (See Pen. Code, § 1202.4, subds. (c), (d).) Hernandez on remand may seek to contest his inability to pay the amount exceeding the statutory minimum." (*Id*. at pp. 23–24.)

Similarly here, Saucedo's request that the court impose the minimum restitution fine, and objection to the fine above the minimum based on inability to pay, triggered the trial court's duty to consider his ability to pay. The defense's request and objection are sufficient to preserve the issue for appeal.

*Kopp* also held that punitive criminal fines should be reviewed under the excessive fines provisions of the United States and California Constitutions.[4] (*Kopp*, *supra*, 19 Cal.5th at

---

[4] The California Constitution states, "Cruel or unusual punishment may not be inflicted or excessive fines imposed." (Cal. Const., art. I, § 17.) The Eighth Amendment of the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (U.S. Const., 8th Amend.) Under the excessive fines clause, courts consider four factors in determining whether a fine is disproportionate: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties

p. 23.)  Hernandez, like Saucedo, "did not invoke the excessive fines clauses in the trial court." (*Ibid*.)  Because the trial court did not impose the minimum fine requested by the defendant and did not conduct an ability to pay hearing, our Supreme Court vacated the fines and remanded to the trial court so that the defendant could raise a claim under the excessive fines clause. (*Ibid*.)  And because the parole revocation fine mirrored the restitution fine, remand was necessary to determine the amount of the stayed parole revocation fine even though the high court vacated the restitution fine pursuant to section 1465.9.[5] (*Kopp*, at p. 24.)

As in *Kopp*, the trial court here imposed restitution and parole revocation fines exceeding $300 without conducting an ability to pay hearing.  And there is no "affirmative evidence indicating that the trial court knew that defendant's ability to pay was a factor in determining the fine to be imposed." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042 (*Ramirez*).)

Unlike *Ramirez*, the trial court here did not indicate it considered a probation report or any information that shed light on Saucedo's financial condition. (*Ramirez*, *supra*, 10 Cal.5th at p. 1042.)  Nor did the trial court indicate that it considered

---

imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728.)

[5] Section 1465.9, subdivision (d) (added by Stats. 2024, ch. 805, § 1) states, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

counsel's objection that Saucedo could not afford to pay fines exceeding $300.  (*Ibid*.)  The trial court only stated that counsel's "comments are noted for the record."  Thus, we cannot conclude the trial court considered Saucedo's "financial wherewithal in deciding to impose a [$2,700] fine."  (*Ibid*.)  *Kopp*, *supra*, 19 Cal.5th 1, compels us to reverse and remand for the trial court to conduct an ability to pay hearing because the imposed fines exceeded the minimum.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  The Attorney General correctly concedes that a remand is appropriate.

DISPOSITION

The judgment is reversed and remanded solely for further proceedings regarding the restitution fine and parole revocation fine consistent with this opinion and the California Supreme Court's opinion in *People v. Kopp*.  We express no opinion as to how the court should exercise its discretion on remand.  If the trial court imposes fines and fees that deviate from those originally imposed, it shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.                    CODY, J.

7

Denise Hippach, Judge

Superior Court County of Santa Barbara

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.